```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA


MOORE & MOORE TRUCKING, LLC
D/B/A J.L. MOORE CONSTRUCTION                    CIVIL ACTION

v.                                               NO. 12-3037

RAY BEARD ET AL.                                 SECTION F
```

## ORDER AND REASONS

Before the Court are two motions: (1) plaintiff's motion to remand, and (2) defendants' motion to dismiss.  Because the motions focus on similar issues, the Court considers them together.  For the reasons that follow, the plaintiff's motion to remand is DENIED, and the defendants' motion to dismiss is GRANTED.

## Background

This case arises out of the removal of debris from property that was damaged by Hurricane Katrina.

On February 25, 2011, Moore & Moore Trucking, LLC, d/b/a J.L. Moore Construction, entered into a contract with Stephen D. Edgett to remove a concrete slab from property located at 8429 Hermitage Drive in Chalmette, Louisiana.  Based on this contract, J.L. Moore was to be paid by the funds Mr. Edgett would receive through a claim for Increased Cost of Compliance under his Standard Flood Insurance Policy, which is part of the National Flood Insurance Program operated by the Federal Emergency

1

Management Agency.  The contract also authorized J.L. Moore to act on Mr. Edgett's behalf in handling the ICC claim.  As required, J.L. Moore obtained, and sent to the NFIP, all the necessary documentation and permits to proceed with the demolition in compliance with an ICC claim.[1]

According to NFIP protocol, the NFIP would assign an adjuster to assess the damage, confirm that the damage met the requirements for making an ICC claim, and provide the property owner with an ICC Proof of Loss form.  Ray Beard, an adjuster hired by and working for Southern Adjusters, LLC, was assigned to Mr. Edgett's property.  On April 27, 2011, Mr. Beard told J.L. Moore that the ICC requirements had been met, the ICC claim would be paid, and demolition could proceed.  Based on this approval, J.L. Moore began to demolish and remove the concrete slab.  After the demolition job was completed on May 16, 2011, all the mandatory paperwork was sent to the adjuster and the NFIP.

On June 15, 2011, FEMA denied Mr. Edgett's ICC claim, stating that Mr. Edgett had been paid the program maximum of $250,000.  FEMA subsequently denied his appeal for the same reason.  As a result, Mr. Edgett did not receive ICC funds and, therefore, was unable to forward any payment to J.L. Moore pursuant to the contract.

---

[1] J.L. Moore applied for and obtained the following permits from St. Bernard Parish:  Substantial Damage Determination Permit, Slab Removal Permit, and Elevation Certificate.

On November 15, 2012, J.L. Moore sued Ray Beard, Southern Adjusters, and an unknown insurance company in the 34th Judicial District Court for the Parish of St. Bernard, alleging claims of negligence, detrimental reliance, vicarious liability, and breach of contract under state law.  J.L. Moore seeks damages that total less than $50,000.  On December 27, 2012, defendants removed the case to this Court, stating that the Court has original jurisdiction over the case pursuant to 42 U.S.C. § 4072 or 28 U.S.C. § 1337.  In the alternative, defendants assert federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 44 C.F.R. pt. 61, App. A(1), Arts. VII(R), IX.  To the extent that any claim is not subject to federal jurisdiction, defendants submit that the Court has supplemental jurisdiction over such claim under 28 U.S.C. § 1367.

Plaintiff now moves to remand this case to state court, alleging that the case involves claims of state law only. Defendants oppose remand, and move the Court to dismiss plaintiff's claims for failure to state a claim upon which relief can be granted.

## I. Legal Standards

### A.

Although the plaintiff challenges removal in this case, the removing defendant carries the burden of showing the propriety of this Court's removal jurisdiction.  See Manguno v. Prudential

Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002); see also Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993). Remand is proper if at any time the Court lacks subject matter jurisdiction. 28 U.S.C. § 1447 (2006). Any ambiguities are resolved in favor of remand, Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979), as the removal statute should be strictly construed. Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278 (5th Cir. 2007); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

*B.*

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Such a motion is rarely granted because it is viewed with disfavor. See Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982)). In considering a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" See Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit, 369 F.3d 464 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). But, in deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true. Kaiser, 677

F.2d at 1050.  Indeed, the Court must first identify allegations that are conclusory and, thus, not entitled to the assumption of truth.  Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).  A corollary: legal conclusions "must be supported by factual allegations." Id. at 678.  Assuming the veracity of the well-pleaded factual allegations, the Court must then determine "whether they plausibly give rise to an entitlement to relief." Id. at 679.

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009)(quoting Iqbal, 556 U.S. at 678)(internal quotation marks omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.").  This is a "context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." Id. at 679.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  Id. at 678 (internal quotations omitted) (citing Twombly, 550 U.S. at 557).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'", thus, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555 (alteration in original) (citation omitted).

In deciding a motion to dismiss, the Court may consider documents that are essentially "part of the pleadings."  That is, any documents attached to or incorporated in the plaintiff's complaint that are central to the plaintiff's claim for relief.  Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)).  Also, the Court is permitted to consider matters of public record and other matters subject to judicial notice without converting a motion to dismiss into one for summary judgment.  See United States ex rel. Willard v. Humana Health Plan of Tex. Inc., 336 F.3d 375, 379 (5th Cir. 2003).

## II. Discussion

Both of these motions involve the question of whether a

demolition company that was authorized to handle a NFIP ICC claim on behalf of the insured, may assert various state law claims against an independent insurance adjuster for conduct that occurred during the course of the ICC claim adjustment. The Court finds that plaintiff's state law claims are preempted by federal law, making remand inappropriate and dismissal necessary.

*A.*

Congress established the NFIP through the National Flood Insurance Act of 1968. See 42 U.S.C. § 40001. Under the NFIP, the director of FEMA has the authority to use private insurance companies, referred to as Write-Your-Own companies, to help administer the program. FEMA, or the WYO companies, directly issue federally underwritten SFIPs to the public, and may hire subcontractors or insurance adjustment organizations to investigate and adjust claims made under a SFIP. See 44 C.F.R. §§ 62.21, 62.23. The NFIP provides that WYO companies and adjusters have no authority to alter, vary, or waive any SFIP provision. See 44 C.F.R. § 61.13(d). In addition, the NFIP states that an insurance adjuster hired to investigate an insured's claim is not authorized to approve or disapprove claims or to tell the insured whether the NFIP will ultimately approve the claim. See 44 C.F.R. pt. 61, App. A(1), Art. VII(J)(7),(8).

Regarding lawsuits against FEMA and WYO companies, Section 4072 of the NFIP provides:

> [T]he claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Administrator, may institute an action against the Administrator on such claim in the United States district court for the district in which the insured property . . . shall have been situated, and ***original exclusive jurisdiction is hereby conferred*** upon such court to hear and determine such action without regard to the amount in controversy.

42 U.S.C. § 4072 (emphasis added). Further, and more specifically, FEMA amended the SFIP in 2000 to include Article IX, which states:

> This policy and ***all disputes arising from the handling of any claim under the policy*** are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act . . . and Federal common law.

44 C.F.R. pt. 61, App. A(1), Art. IX (emphasis added) (citation omitted).

*B.*

The defendants removed this case on the basis of the original jurisdiction of this Court and federal question.[2] First, defendants contend that this Court has original exclusive jurisdiction pursuant to 42 U.S.C. § 4072; therefore, plaintiff's

---

[2] In the notice of removal, the defendants also submit that this Court has original jurisdiction under 28 U.S.C. § 1337 and supplemental jurisdiction under 28 U.S.C. § 1367. Because the Court finds that federal jurisdiction exists under 42 U.S.C. § 4072 and 28 U.S.C. § 1331, the Court does not need to consider the basis for removal arising from any act of Congress regulating commerce under 28 U.S.C. § 1337, or supplemental jurisdiction; both of which the defendants fail to address in their submissions to the Court.

state law claims are preempted and federal jurisdiction exists. The Court agrees.

Based on 42 U.S.C. § 4072 and related federal regulations, the Fifth Circuit has expressly held that federal law preempts state law claims that arise from the handling and disposition of SFIP claims by a WYO insurance company. See Campo v. Allstate Ins. Co., 562 F.3d 751 (5th Cir. 2009) ("Federal law preempts 'state law tort claims arising from claims handling by a WYO.'" (quoting Wright v. Allstate Ins. Co., 415 F.3d 384, 390 (5th Cir. 2005))); Gallup v. Omaha Prop. & Cas. Ins. Co., 434 F.3d 341, 344-45 (5th Cir. 2005) ("[S]tate law claims arising from the handling by a WYO are preempted by the National Flood Insurance Act [and] it necessarily follows that the Act gives FEMA authority to promulgate regulations to that effect."). Although the Fifth Circuit has not directly addressed whether this preemption extends to claims brought against adjusters involved in the claims-handling process, many courts within the Fifth Circuit have held that it does, especially in light of FEMA's addition of Article IX to the SFIP that provides that federal law applies to "all disputes arising from the handling of any claim under the policy." See, e.g, Windes v. Haeuser Ins. Agency, Inc., No. 06-5320, 2007 WL 316998, at *2 (E.D. La. Jan. 30, 2007) ("[Defendant] argues that federal law establishes the duties of adjusters on such claims and establishes what is to be done

9

regarding adjusting flood claims . . . . [T]he state law claims are preempted because the claims involve the handling of the flood insurance claim."); Bartolome v. United States, 04-3898, 2006 WL 2247326, at *2 (S.D. Tex. Aug. 4, 2006) ("Because the Court finds that the FEMA regulation preempts the entire field of state tort regulation arising from the handling of NFIP policies, including claims against adjusters, [p]laintiffs' state law tort and contract claims against [defendant] are preempted and must be dismissed."); see also Sutor v. Fed. Emergency Mgmt. Agency, Nos. 06-1371, 07-2477, 2009 WL 2004375, at *4-5 (E.D. Pa. July 9, 2009) (dismissing claims against the independent adjustment companies, and aligning itself with Fifth Circuit precedent, which provides that federal law preempts all disputes arising from the handling of SFIP claims); Dubose v. State Farm Ins. Co., No. 06-0619, 2007 WL 4463561, at *2 (S.D. Ala. Dec. 14, 2007) ("Plaintiffs' state law claims arise solely by virtue of [defendant's] conduct [d]uring the course of adjusting the claim. . . . As such, these claims are preempted by Federal law and due to be dismissed." (citation omitted)); Moffett v. Computer Sciences Corp., 457 F. Supp. 2d 571, 580 (D. Md. 2006) (same). As one court has soundly observed:

> Article IX [of the SFIP] preempts "*all disputes arising from the handling of any claim*" under the SFIP. It is not limited to suits against WYO carriers. . . . [T]his outcome would work directly against one of the principal ends of preemption: uniformity of decisions. As Plaintiffs would have it, they can pursue adjustment

>fraud claims against independent adjusters, but if claims are brought against FEMA or WYO carriers for the very same conduct, they are preempted.

Moffett, 457 F. Supp. 2d at 583 n.19. Considering the Fifth Circuit precedent that expressly holds that federal law preempts all state law claims against WYO insurance companies, and the case law progeny that extends preemption to claims against adjusters, the Court finds the plaintiff's claims are preempted in this case if they arise from the handling of a claim under the NFIP. Therefore, the Court must determine whether the plaintiff's claims arise from the claims-handling process.

The plaintiff asserts that it is not disputing the way the ICC claim was handled or the terms of the SFIP. Instead, the plaintiff is alleging that defendants (as the independent adjuster) were negligent in advising plaintiff to proceed with the demolition, and that the adjuster's approval constituted an oral contract that was breached when the ICC claim was denied. While the plaintiff's submissions to the Court ignore the fact that the adjuster's assessment of the property is a necessary and integral part of the claims-handling process, the plaintiff's original petition suggests otherwise. The petition states:

>On February 25, 2011, Stephen D. Edgett[] contracted with J.L. Moore Construction to remove the remaining concrete slab from the property located at 8429 Hermitage Dr., Chalmette, LA, 70043. . . .
>. . . .
>. . . Per the contract, **_J.L. Moore Construction was authorized to act on Stephen D. Edgett's behalf in handling the ICC claim._**

11

> . . . .
> On April 19, 2011, J.L. Moore Construction faxed the elevation certificate from St. Bernard Parish; the Slab Removal Permit; the ICC Slab Removal Agreement, and the Substantial Damage Determination ***to the NFIP to have an adjuster assigned to the file to determine if the ICC claim was valid and if the demolition would be approved pursuant to NFIP and ICC claims processing.***
> . . . .
> ***Pursuant to NFIP protocol, NFIP would assign an adjuster to the NFIP file***, which would assess the direct physical damages.  The adjuster would then confirm that the damage of the property meets the requirements for making an ICC claim . . . .
> . . . .
> . . . ***Mr. Ray Beard, an adjuster hired by and working for Southern Adjusters, LLC, was assigned to file no. RL00008251, in relation to property located at 8429 Hermitage Dr.***, in Chalmette LA, 70043.
> . . . .
> ***Once assigned to the file, Mr. Ray Beard received all applicable documents and permits required to make a determination*** of whether the demolition ***work met the requirements for an ICC claim.***
> . . . .
> ***Pursuant to NFIP and ICC requirements,*** once the demolition proposal was accepted and approved by the adjuster, Mr. Ray Beard, and all permits, elevation certifications and substantial loss documents were sent to the adjuster and NFIP, an ICC claim payment would be issued to the homeowner.
> . . . .
> However, the homeowner, Stephen D. Edgett, did not receive any ICC claim payment under the NFIP. . . .
> . . . .
> The following actions of defendant, Mr. Ray Beard, acting in his capacity as a claims adjuster for Southern Adjusters, LLC, constitute actions ***clearly below the professional standard of care of a claims adjuster assigned to review ICC claims through the NFIP under FEMA***
> . . . .

See Rec. Doc. 1-2 at 11-15 (emphasis added).  The Court finds that the substance of the plaintiff's petition contests the manner in which the ICC claim was handled.  Plaintiff itself

notes that the claims in this case involve "the professional standard of care of a claims adjuster assigned to review ICC claims through the NFIP under FEMA."

This is not defeated--as plaintiff suggests--by the fact that (1) the plaintiff is not the insured, and (2) the defendants are independent adjusters. Pursuant to the contract plaintiff entered into with Mr. Edgett (the insured), plaintiff was "authorized to act on Stephen D. Edgett's behalf in handling the ICC claim" and would receive "payment of the ICC claim proceeds." Therefore, plaintiff stepped into the shoes of the insured for purposes of the ICC claim; any other view of this arrangement would effectively allow an insured to make an end-run around the NFIP by hiring a third-party company. Further, federal law expressly allows for the hiring of subcontractors and independent insurance adjustment organizations to assess the property's damage. See 44 C.F.R. § 62.21. The Court is mindful of the Fifth Circuit's instruction:

> [U]pon removal[,] the removal court should inspect the complaint carefully to determine whether a federal claim is necessarily presented, even if the plaintiff has couched his pleading exclusively in terms of state law. . . . The reviewing court looks to the substance of the complaint, not the labels used in it.

In re Carter, 618 F.2d 1093, 1101 (5th Cir. 1980) (citation omitted). The Court finds that the substance of the plaintiff's petition contests the manner in which the ICC claim was handled;

the only actions alleged to have been completed by the defendants took place while they were adjusting the ICC claim pursuant to the SFIP.  As a result, the claims arise from the administration and handling of a claim under a flood policy; therefore, the state law claims are preempted and federal jurisdiction exists under 42 U.S.C. § 4072.

*C.*

Even assuming plaintiff's claims are not preempted, this Court has federal question jurisdiction, and dismissal is still warranted.  Under 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Federal question jurisdiction exists when a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.  See Borden v. Allstate Ins. Co., 589 F.3d 168, 172 (5th Cir. 2009).

As mentioned, federal law expressly allows the NFIP to hire subcontractors or insurance adjustment organizations to investigate claims under the SFIP.  See 44 C.F.R. § 62.21.  As an adjuster hired by the NFIP, the defendants are mere agents of the government, and must adhere to the NFIP regulations in the administration of policy claims.  Federal regulations provide

14

that adjusters, such as the defendants, cannot waive, alter, or amend any of the provisions of the SFIP, nor can they approve or disapprove claims or tell the insured whether the NFIP will approve or disapprove the claim. See 44 C.F.R. § 61.13(d); see also 44 C.F.R. pt. 61, App. A(1), Art, VII(J)(7)-(8). Because this case concerns whether an adjuster erroneously handled an ICC claim, the case presents a substantial question that can only be answered by the standards and protocols promulgated by FEMA and the NFIP.

Finding that the Court has federal question jurisdiction, plaintiff's claims still fail. The Fifth Circuit has held that even if adjusters make material misrepresentations that contradict the NFIP, any reliance on these misstatements is simply unreasonable as a matter of law. See Richmond Printing LLC v. Dir. Fed. Emergency Mgmt. Agency, 72 F. App'x 92, 97-98 (5th Cir. July 21, 2003). Specifically, the Fifth Circuit has noted:

> The unique situation presented by the NFIP creates additional responsibilities for the insured. One of those responsibilities is that, given that the insured is doing business with the government and that the terms of the SFIP are published in the CFR, the insured has a duty to read and understand the terms of its SFIP.

Id. at 98. Therefore, "those who deal with the Government are expected to know the law and may not rely on the conduct of government agents contrary to the law." Id. (quoting Heckler v.

15

Cmty. Health Servs., 467 U.S. 51, 63 (1984)).  Article III, Coverage D(2) of the SFIP provides:

> We will pay you up to $30,000 under this Coverage D-Increased Code of Compliance, which only applies to policies building coverage (Coverage A).  Our payment of claims under Coverage D is in addition to the amount of coverage which you selected on the application and which appears on the Declarations Page.  But the maximum you can collect under this policy for both Coverage A-Building Property and Coverage D-Increased Cost of Compliance cannot exceed the maximum permitted under the Act.  We do not charge a separate deductible for a claim under Coverage D.

44 C.F.R. pt. 61, App. A(1), Art. III (D)(2).  The maximum amount of coverage available under Coverage A for a single family dwelling is $250,000.  44 C.F.R. § 61.1.  Further, the SFIP explicitly states that adjusters cannot approve or disapprove a claim:  "We have not authorized the adjuster to approve or disapprove claims or to tell you whether we will approve your claim."  44 C.F.R. pt. 61, App. A(1), Art. VII(J)(8).

The SFIP is a published federal regulation as part of the NFIP and, therefore, any alleged reliance on the defendants' statements that the ICC claim would be granted, fail as a matter of law, because those who deal with the government are charged by law with knowing the SFIP and its requirements.  As a result, plaintiff fails to state a claim for detrimental reliance or negligence.[3]

---

[3]  Plaintiff apparently concedes this point--plaintiff fails to defend its negligence claim in its opposition paper to

Regarding plaintiff's breach of contract claim, plaintiff is correct in noting that Louisiana law recognizes oral contracts; however, a party who demands performance of an obligation must prove the existence of the obligation. See La. Civ. Code art. 1831. The NFIP (not the plaintiff) hired and appointed the defendants to handle the property issues in question. The Louisiana Supreme Court has held that "[a]n agent by undertaking a contractual obligation with his principal [here, the NFIP] does not increase his responsibilities to third persons and cannot be liable to such third persons by his failure to perform such obligations." Brown v. Soupenne, 416 So. 2d 170, 175 (La. 1982). Plaintiff fails to allege factual allegations to support a finding that defendants' "approval constitutes a verbal contract to proceed."

Accordingly, the plaintiff's motion to remand is DENIED, and the defendants' motion to dismiss is GRANTED.

New Orleans, Louisiana, March 6, 2013

/s/ Martin L. C. Feldman

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

defendants' motion to dismiss. Plaintiff states that 42 U.S.C. § 4081(c) provides that adjusters are liable for their own errors or omissions. However, Section 4081(c) does not involve adjusters or claims-handling: "The Administrator of [FEMA] shall hold any agent or broker selling or undertaking to sell flood insurance under this chapter harmless from any judgment for damages . . . ."